MICHAEL BARNES (State Bar No. 121314)
IAN R. BARKER (State Bar No. 240223)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
Emails: mbarnes@sonnenschein.com
        ibarker@sonnenschein.com

ROBERT W. HAYES (admitted *pro hac vice*)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19107
Telephone: (215) 665-2000
Facsimile: (215) 665-2013
Email: rhayes@cozen.com

Attorneys for Plaintiff
BEL CONOR INTERNATIONAL, LTD.

TOD L. GAMLEN (State Bar No. 83458)
KEITH L. WURSTER (State Bar No. 198918)
BAKER & McKENZIE LLP
660 Hansen Way
Palo Alto, CA 94304-1044
Telephone: (650) 856-2400
Facsimile: (650) 856-9299
Emails: tod.l.gamlen@bakernet.com
        keith.l.wurster@bakernet.com
        jerry.m.salcido@bakernet.com

Attorneys for Defendant
SOLTA MEDICAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BEL CONOR INTERNATIONAL, LTD., a foreign corporation incorporated in Hong Kong,<br><br>            Plaintiff,<br><br>    vs.<br><br>SOLTA MEDICAL, INC., a Delaware Corporation,<br><br>            Defendant. | Case No. CV 09-4391-JSW<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Date:   September 10, 2010<br>Time:   1:30 p.m.<br>Place   9th Floor, Courtroom 11<br>Before: Hon. Jeffrey S. White<br><br>AND ORDER CONTINUING CASE MANAGEMENT CONFERENCE |

1    Pursuant to Federal Rule of Civil Procedure 26(f) and Civil L.R. 16-9(a), the parties submit this Joint Case Management Statement with respect to the Case Management Conference set for September 10, 2010, and request that the Court adopt it as the Case Management Order.

**1.    Jurisdiction and Service:**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff Bel Conor International, Ltd. ("Bel Conor") is a citizen and resident of a foreign country and Defendant Solta Medical, Inc. ("Solta") is a citizen and resident of the United States, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that Solta resides in this District and regularly conducts business in this District.

All parties have been served with process.

**2.    Facts:** On September 17, 2009, Bel Conor filed a Complaint and Motion for a Preliminary Injunction against Solta, arising out of a dispute concerning the parties' International Distribution Agreement ("Agreement").  Bel Conor sought to obtain preliminary injunctive relief prohibiting Solta from interfering with its asserted rights under the Agreement to exclusively distribute the ThermaCool System in China, granting any other party distribution rights to the ThermaCool System in the territory and increasing the price of the ThermaCool System pending the resolution of an arbitration between the parties.  In accordance with the arbitration clause in the Agreement, Bel Conor filed a Statement of Claim with the American Arbitration Association on or about September 23, 2009, seeking specific performance of the Agreement and damages.

Solta responded by filing an opposition to Bel Conor's Motion for Preliminary Injunction and a Motion to Dismiss the Complaint, disputing, among other things, Bel Conor's asserted right to exclusively distribute the "ThermaCool System" in China, the issuance of an injunction to enforce an exclusive distribution agreement under California law, as well as the general scope and character of the rights asserted by Bel Conor in the Complaint, Motion for Preliminary Injunction and notice of arbitration.

No. CV 09-4391-JSW                    - 1 -             JOINT CASE MANAGEMENT STATEMENT

Thereafter, the parties reached an interim agreement that while in place, and is adhered to, eliminates the need for Bel Conor to obtain injunctive relief. This interim agreement was memorialized in a joint Stipulation which was filed with this Court on October 16, 2009. [Docket 28]. By way of this Stipulation, the parties agreed that Bel Conor's Motion for Preliminary Injunction and Solta's Motion to Dismiss will be taken off the Court's calendar, and this action stayed pending the resolution of the parties' arbitration proceedings. The Stipulation further provided, among other things, that: (a) Solta and Bel Conor would immediately reinstate the Agreement from October 14, 2009 through the date that the parties reach a negotiated agreement concerning the present dispute, or the date that the parties resolve their current dispute in arbitration, which ever date shall come first (hereinafter referred to as the "Reinstatement Period"); and, (b) that the Solta and Bel Conor will notify the Court after the Reinstatement Period has ended as to whether any further proceedings are necessary in this action and/or this action shall be dismissed.

On October 19, 2009, the Court approved and entered the parties' Stipulation, which resulted in the stay of this action pending the resolution of the parties' arbitration proceedings or further order of the Court. [Docket 29]. Thereafter, the Court ordered that the parties' Initial Case Management Conference set for January 15, 2010 be continued to March 12, 2010, and that the parties submit a Joint Case Management Conference Statement by March 5, 2010. [Docket 30].

On March 5, 2010, the parties filed a Joint Case Management Conference Statement informing the Court that there were currently no legal issues before the Court since this matter was stayed pursuant to the parties' joint Stipulation for interim relief and the arbitration proceedings remained pending. [Docket 31]. Consequently, on March 8, 2010, the Court ordered that the parties' Initial Case Management Conference set for March 12, 2010 be continued to September 10, 2010, and that the parties submit a Joint Case Management Conference Statement on or before September 3, 2010. [Docket 32].

The parties' arbitration proceedings remain pending. Solta has filed its Statement of Defense to Bel Conor's Arbitration Complaint and asserted counterclaims, to which Bel Conor has responded.

The parties have reached agreement as to the material terms of a settlement, which is in the process of being finalized and executed. The parties therefore stipulate and agree that this action shall remain open, but stayed, until the parties have finalized the form of the settlement agreement, and Arbitration is closed. The parties expect that a settlement agreement will be finalized within the next sixty (60) days and, accordingly, request that this action remain stayed, and the parties' Initial Case Management Conference currently scheduled for September 10, 2010 be continued for approximately sixty (60) days.

**3.    Legal Issues:**

Because this matter is stayed pursuant to the parties' joint Stipulation for interim relief, there are currently no legal issues before this Court.

**4.    Motions:**

On September 22, 2009, Bel Conor filed a Motion for a Preliminary Injunction. On October 8, 2009, Solta filed a Motion to Dismiss the action. The Stipulation and Order entered by the Court on October 19, 2009 stayed the case and vacated the hearing dates for both motions. The case remains stayed pending completion of the arbitration proceedings as set forth in the Stipulation. The parties do not anticipate filing any additional motions in the near future.

**5.    Amendment of Pleadings:**

The parties do not anticipate amending the pleadings at this time.

**6.    Evidence Preservation:**

The parties have taken appropriate steps to ensure the preservation of evidence.

**7.    Disclosures:**

The parties agree that a deadline to exchange initial disclosures should not be set while the case is stayed.

**8. Discovery:**

No discovery has been conducted in this matter. The parties agree that, given the stay of this litigation during the pending arbitration proceedings, it would not be fruitful to set discovery deadlines. The parties do not believe any modification to the Federal Rules is necessary at this time.

**9. Related Cases:**

There are no currently pending related cases, apart from the parties' arbitration.

**10. Relief:**

To the extent the Stipulation and Order is violated by Solta, Bel Conor reserves its right to ask this Court to grant a preliminary injunction: (1) sufficient to prevent Solta from granting distribution rights in the Thermage product line in China to anyone other than Bel Conor during the pendency of the arbitration proceedings; (2) sufficient to prevent Solta from interfering in any way with Bel Conor's exclusive distribution rights in the Thermage product line in China during the pendency of the Arbitration; and (3) enjoining Solta from raising its distributor prices for the ThermaCool TC System above the existing levels provided by the Agreement for any purchases made by Bel Conor during the pendency of the Arbitration. Bel Conor also reserves the right to seek an award of any other appropriate legal and equitable relief.

**11. Settlement and ADR:**

The parties have agreed to mediate the matter through the mediation procedures available in the arbitration process. Prior to mediation the parties reached agreement as to the material terms of a settlement, which is in the process of being finalized and executed.

**12. Consent to Magistrate:**

The parties do not consent to have a Magistrate Judge conduct all further proceedings.

**13. Other References:**

None.

**14. Narrowing of Issues:**

The issues have been sufficiently narrowed by the parties' joint Stipulation and Order.

**15. <u>Scheduling:</u>**

The parties do not believe this case should be handled on an expedited basis.

Given the current stay of this action and the pending arbitration proceedings and the pending settlement, the parties agree that the Case Management Conference should be continued for sixty (60) days, and that proposing dates for designation of experts, discovery, dispositive motions, pretrial conference, and trial is premature.

**16. <u>Trial:</u>**

Given the current stay of this action and the pending arbitration proceedings, the parties agree that proposing a date for trial would be premature.

**17. <u>Disclosure of Non-Party Interested Entities or Persons:</u>**

The parties have each filed a "Certification of Interested Entities or Persons" as required by Northern District Local Rule 3-16.

Bel Conor certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

    a. Sharper Limited;

    b. Top Beat Consultants Limited; and

    c. Main Focus Holding.

Solta certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

    a. Three Arch Partners;

    b. Meritech Capital Partners;

    c. Delphi Ventures, Inc.

1.     d. Paradigm Capital Management, Inc.
2.     e. Institutional Venture Partners
3.     f. Essex Woodlands Health Ventures, Inc.
4.     g. M&M Consortium Holding LTD Partnership
5.     h. Royce & Associates LLC
6.     i. Technology Partners
7.     j. Columbia Partners LLC Investment MGMT
8.     k. Morgenthaler Venture Partners LP
9.     l. E-Planet Ventures L.P.
10.     m. Wasatch Advisors, Inc.
11.     n. Renaissance Technologies LLC
12.     o. Pinnacle Ventures Equity Fund
13.     p. The California Public Employees Ret. Sys.
14.     q. Needham Investment Management LLC
15.     r. Crown Capital Management
16.     s. Broadwood Capital
17.     t. GRT Capital Partners LLC
18.     u. T. Rowe Price Associates, Inc.
19.     v. Barclays Global Investors NA (California)
20.     w. The Gramercy Fund
21.     x. Northern Trust Investments
22.     y. UBS Global Asset Management
23.     z. Federated Investment Management Co.
24.     aa. Wells Fargo Advisors LLC
25.     bb. Dimensional Fund Advisors, Inc.
26.     cc. Bank of New York Mellon Asset Management
27.     dd. Geode Capital Management LLC
28.     ee. RBC Capital Markets Equity Research

ff. D.E. Shaw & Co., Inc.

gg. Numeric Investors LP

hh. Regents of the University of California

ii. Menta Capital LLC

jj. Lotsoff Capital Management

kk. Barclays Capital, Inc.

ll. Technical Financial Services LLC

mm. Diamondback Capital Management LLC

Dated: August 30, 2010  Respectfully submitted,

SONNENSCHEIN NATH & ROSENTHAL LLP

By_____*/s/ Ian Barker*_____
       IAN BARKER

Attorneys for Plaintiff
BEL CONOR INTERNATIONAL, LTD.

Dated: August 30, 2010  BAKER & McKENZIE

By_____*/s/ Keith L. Wurster*_____
       KEITH L. WURSTER

Attorneys for Defendant
SOLTA MEDICAL, INC.

No. CV 09-4391-JSW - 7 - JOINT CASE MANAGEMENT STATEMENT

**[PROPOSED]** **CASE MANAGEMENT ORDER**

The Case Management Statement is hereby adopted by the Court as the Case Management Order for the case and the matter will remain open, but stayed pending resolution of the parties' arbitration proceedings and further Order of this Court.

The case management conference is CONTINUED to December 3, 2010 at 1:30 p.m. If there will be further proceedings in this case, the parties shall submit a further case management conference statement by no later than November 24, 2010. If, however, the parties jointly request a further continuance and stay, they need only submit a stipulation and proposed order to that effect by November 24, 2010. If a dismissal is filed prior to November 24, 2010, the case management conference shall be vacated.

Dated: August 31, 2010

_____
Hon. Jeffrey S. White

27342655